D. C. GHORMLY *vs.* SAMUEL P. SHERRILL.

1. Where one, who stands in the position of a *quasi* mortgagee of land, sells the same to a purchaser with notice of the equity of the *quasi* mortgagor, such purchaser takes subject to such equity.

2. Where one T handed to B certain papers which would enable the holder to procure grants for certain tracts of land, receiving from B certain depreciated currency with the *understanding* that B should take out the grants in his own name, and whenever T paid him $750.94 in greenbacks B should convey to T; and B took out the grants in his own name and sold and conveyed certain of the tracts to G with notice of his trust to T; *Held,* that T had an equity of redemption, and that the purchase-money paid by G to B, should be regarded as paid by T to B in redemption; and *Held,* further that a purchaser of the land from T before any of those transactions, is entitled to take the place of T and succeeds to his equitable rights.

This was a civil action, heard before His Honor Judge Cannon, on a counter-claim and demurrer, and His Honor, having at Spring Term, 1871, overruled the demurrer and given judgment accordingly, the plaintiff appealed.

The facts are sufficiently stated in the opinion of the Court.

*M. Erwin, Strong, Ovide Dupré, Folk* and *Batchelor* for the appellant.

*Phillips & Merrimon* for the appellee.

READE, J. On May 30th, 1868, W. H. Thomas was in the possession of "transfers, agents receipts and papers," of such character; but of what precise character we are not informed, as would enable him to procure grants from the State for the following tracts of land: Numbers 595, 10, 6, 12, 23, 17, 7, 9, 24 and 28. For some reason, not stated, he did not wish to take out grants in his own name, and, therefore, gave up his "transfers, agents receipts and papers" to one T. D. Bryson, for which Bryson gave him $2,252.83, in "road certificates," which were a sort of scrip circulating as a depreciated currency

in that locality, with the understanding that Bryson was to take out grants from the State for said lands in his own name ; and whenever Thomas should pay him $750.94 in greenbacks, with interest, which we suppose was the estimated value of the $2,252.83 of "road scrip," Bryson would convey said lands to Thomas. Bryson took out grants from the State as agreed on. The agreement was in writing signed by Bryson.

The effect of all this was to vest the legal title in Bryson with an equity of redemption in Thomas.

In February, 1869, and before Thomas had paid anything in redemption, Bryson sold several tracts of the land, including those in dispute, to the plaintiff, informing him at the same time of Thomas' equity. The effect of this was to put the legal title out of Bryson, into the plaintiff, subject, however, to the equity of Thomas.

Since the sale by Bryson to the plaintiff, the plaintiff has sold off several of the tracts of land for the sum of $550. And Bryson has sold other tracts to other persons for the sum of $177.79, which, added to the sales by plaintiff makes the sum of $727.79.

The effect of these sales by plaintiff and Bryson is the same as if the amount had been paid by Thomas in greenbacks as agreed on, and leaves only a balance of $22.21 of the principal of the redemption money to be paid by Thomas.

Of the lands conveyed by Bryson to plaintiff, there remain in possession of the plaintiff two tracts, valued in the trade between Thomas and Bryson in road scrip at $339.24, which is more than sufficient to pay the balance of the redemption money and interest. And in addition to said two tracts in the possession of plaintiff, he has the legal title to the three tracts for which this suit is brought, and of which the defendant has possession.

In addition to the tracts sold to plaintiff, and other tracts sold to others as aforesaid, Bryson still holds three of the tracts which were valued in his trade with Thomas at $329.17.

And now it is insisted that inasmuch as Thomas has paid all the redemption money except $22.21 and interest, by means of the sales made by plaintiff and by Bryson, and inasmuch as the plaintiff has the legal title and the possession of two tracts worth $339.34, and Bryson has the legal title and possession of three tracts worth $329.17, the plaintiff ought not to be allowed to recover possession of the three tracts which defendant has possession. And that upon the balance of the redemption money being paid up by Thomas, both the plaintiff and Bryson ought not only to convey to him the legal title to three tracts in dispute, but also the two tracts of which plaintiff has possession and the three tracts of which Bryson has possession. And that if Thomas is unable to pay the balance of the redemption money, then the lands which the plaintiff and Bryson have in possession ought to be sold to pay it, and the balance, if any, paid over to Thomas. This is very clearly the equitable right of Thomas, and this is the liability of the plaintiff and Bryson.

But then Thomas is not the defendant, nor is he a party in this suit. It remains to be seen how the defendant is connected with the transaction and what are his rights.

Prior to the trade with Bryson, Thomas, before he had any title as appears to us, but probably under some inchoate or supposed right, sold and conveyed one of the tracts in dispute to the defendant, and the other two tracts to D. A. Sherrill, probably one of the defendant's family, but of that we are not informed. The effect of these transactions, was to put the defendant and D. A. Sherrill in the place of Thomas as to the tracts in dispute, which are now in possession of defendant.

There is therefore no error in overruling the demurrer and the judgment is affirmed.

This would be decisive of the case so far as the right of the plaintiff to recover is concerned; but it is evident that the rights and liberties of the parties including Thomas and Bryson and D. A. Sherrill, have not been administered; and it

34

would seem that they ought to be administered in this suit and in conformity with this opinion, if we have had all the facts before us.

The case is therefore remanded, that other proceedings may be had, and such amendments and such parties made as the law allows, and as the parties may be advised.

This will be certified.

PER CURIAM.          Judgment affirmed and case remanded.